## COUCH v. STEVENS.

Where a mortgagee enters into the mortgaged premises under process of law, he holds possession under his mortgage title established by the judgment, and not under the process, which has been returned.

If after such entry the mortgagee release his judgment, the release does not of itself operate as a waiver in law of the foreclosure, but the equity of redemption will be foreclosed notwithstanding the release, if the mortgagee retains continued, actual possession during one year, for the purpose of foreclosing.

Couch *v.* Stevens.

Where there is conflicting evidence as to the object for which the mortgagee retains possession after such release of his judgment, whether the foreclosure was intended to be waived is a question of fact for the jury, on trial of a writ of entry brought to recover the land.

An immaterial variation between the description of the land, in the judgment and in the execution, does not affect a foreclosure commenced by entry under the execution.

WRIT OF ENTRY, to foreclose the mortgage upon a tract of land in Derry. The defendant disclaimed as to one acre of the demanded premises, and as to the residue pleaded the general issue. The demanded premises were situate on the east side of a certain highway in Derry.

It appeared in evidence that on the 29th day of March, 1841, Simon Stevens, under whom both parties claimed title, conveyed the premises in controversy, together with another tract on the west side of the same highway, in mortgage to one Joseph Chase, to secure the payment of his note of that date for $770.00. Payments were made from time to time by Simon Stevens during his life, and after his death, on the 24th day of August, 1855, Chase brought an action against Calvin Stevens, who was then in possession of the land on the west side of the highway, to foreclose the mortgage upon that tract. A conditional judgment was recovered, September term, 1855, and on the 8th day of December, 1855, a writ of possession issued, by virtue of which seizin and possession of the tract on the west side of the road were delivered to Chase by an officer, December 21, 1855. Chase thereupon took and retained actual possession of the land, renting it in 1856 to Calvin Stevens. There was an error of the clerk, in making out the writ of possession, in omitting part of a line of the description of the premises, as contained in the original writ, but it was clearly shown that notwithstanding this omission the description, as set forth in the writ of possession, correctly described the land, setting forth all its abuttals, so that its location could not be misunderstood.

Couch *v.* Stevens.

Under these circumstances the court permitted the writ of possession and the officer's return thereon to be put in evidence against the plaintiff's objection.

Chase continued in the actual possession and occupancy of the land on the west side of the road from December 21, 1855, when possession was delivered to him by the officer, until December 11, 1856, when he assigned his mortgage, debt and judgment to the present plaintiff. It was agreed that the premises on the west side of the road were equal in value to the mortgage debt, interest and costs, and there was evidence tending to show them of much greater value.

The only question submitted to the jury was, whether or not the mortgage had been foreclosed on the land upon the west side of the highway, by an entry under legal process, and continued actual possession thereof for that purpose one year.

The defendant offered evidence tending to show that the plaintiff, after taking an assignment of the mortgage debt and judgment from Chase, had continued in the actual occupancy and control of the land until the expiration of a year from the entry by Chase under the officer, and ever since; that he had rented it the present season, invariably spoken of and treated it as his own, and had offered to sell and convey it by deed of warranty, averring that his title to it was as complete and perfect as to any property he owned.

To meet this evidence the plaintiff called Calvin Stevens, who produced an instrument, under the hand and seal of the plaintiff, of which the following is a copy:

"Know all men by these Presents, That I, John S. Couch, of Chester, in consideration of the sum of one dollar paid to me by Calvin Stevens, of Derry, do hereby discharge and release to the said Stevens the judgment recovered by Joseph Chase against Calvin Stevens, for a portion of the land mentioned in a certain deed given by

Simon Stevens to Joseph Chase, dated March 29, 1841, recorded lib. 308, fol. 259; not intending to discharge said deed or the note specified in the condition thereof, as said note has not been paid. Said judgment was recovered at the September term of the Supreme Judicial Court, holden at Portsmouth, in said County, in September, 1855. Signed, sealed and delivered December 17, 1856.

JOHN S. COUCH, [Seal.]"

Stevens testified that the plaintiff executed and delivered this paper to him in December, 1855; that he thought the time of redemption had then run out, but did not distinctly remember when it did expire. He also testified, in contradiction to the defendant's witnesses, that he had himself always occupied the land west of the road, after the execution of this paper, and the plaintiff had not occupied it at all since that time; that he claimed a life estate in this land, and had quitclaimed his interest therein before coming on the stand, for the purpose of becoming a witness. There was some evidence on the part of the defendant of collusion between this witness and the plaintiff, and that the present suit had been instituted in the plaintiff's name for the sole benefit of the witness.

The plaintiff contended that the instrument thus introduced was a complete discharge and release of the judgment, and all possession and foreclosure under it against all the world, and conclusive upon the fact that the mortgage had never been foreclosed upon the land on the west side of the road, by continued actual possession for one year.

It was agreed by the parties that if the mortgage upon the land on the west side of the road had been foreclosed, the mortgaged debt, being less than its value, was thereby extinguished.

The court instructed the jury that if they found the foregoing instrument produced by Calvin Stevens to have been executed and delivered by the plaintiff to him, it was

not necessarily to be regarded as conclusive evidence of any absolute relinquishment of possession and discharge of the foreclosure under the judgment, but might be regarded as a covenant or agreement of the plaintiff with Calvin Stevens not to enforce or insist upon that judgment and the foreclosure under it against him; that if they found it to have been executed and delivered before the expiration of one year from December 21, 1855, they would consider it, in connection with the other evidence in the case, bearing upon the question of actual continued possession for the purpose of foreclosure, and say, upon all the evidence before them, whether or not actual possession of the land upon the west side of the highway had been continued for a period of one year after entry under process of law, for the purpose of foreclosing the mortgage thereon, first by Chase and afterwards by the plaintiff, as his assignee. If they found it had, that would constitute a foreclosure of the mortgage; and, it being agreed that this land was of greater value than the mortgage debt and costs, their verdict would be for the defendant; but if they found, upon all the evidence, this instrument with the rest, that actual possession had not been so continued one year for that purpose, their verdict must be for the plaintiff.

The jury having returned a verdict for the defendant, the plaintiff moved that the same be set aside and a new trial granted, for the alleged improper admission of the writ of possession and officer's return thereon, and for supposed error in the foregoing instructions of the court.

*Wood*, for the plaintiff.

*Stickney*, for the defendant.

PERLEY, C. J. The first method provided by the statute for foreclosing an equity of redemption is, "by entry into

the mortgaged premises under process of law, and continued actual possession thereof for one year." Comp. Stat. 292, sec. 14. The statute says nothing of holding possession under the process. The office of the process is to put the mortgagee in possession, according to the right which has been established by the judgment; the process, after it has been served, having performed its office, is returned into court, and not left in the hands of the mortgagee to hold, either as the foundation or the evidence of his right to the possession. He holds, not under the process, nor under the judgment, but under his title as mortgagee, which has been established by the judgment.

A foreclosure commenced by entry into the mortgaged premises under process of law, may be waived by the mortgagee, and a release of the judgment upon which the process issued may be competent evidence tending to show the waiver. But as the possession of the mortgagee after his entry, is held under his mortgage, and not under the process or judgment, a release of the judgment would not in law constitute a waiver of the foreclosure. Notwithstanding the release, the mortgagee might still retain the actual possession, for the purpose of foreclosing the equity of redemption; and if he did so for one year, the case would answer the terms, and, we think, the meaning and intention of the statute. When the judgment has been recovered and executed, by putting the mortgagee in possession under process, all has been done that the statute requires, and all that by legal proceedings can be done, to establish and assert the right of the mortgagee under his mortgage; and the foreclosure will not be defeated by arrangement of the parties respecting the judgment, provided the possession of the mortgagee was continued during the year for the purpose of foreclosing. We think, therefore, that it was properly left to the jury to decide, as matter of fact on all the evidence, which was conflicting, whether the possession was continued for the

purpose of foreclosing the mortgage, notwithstanding the release of the judgment.

The objection on account of the variance between the description of the land in the judgment and in the execution, has not been insisted on in argument, and cannot prevail. The case finds that the description of the land in the execution was perfect without the omitted line, and the clerical error could have led to no mistake or misapprehension in the officer who served the execution, or in any other party.

*Judgment on the verdict.*